```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PAUL BLACK,

                    Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               09-CV-2271(JS)(ARL)
JEFFREY S. SCHWARTZ and the LAW OFFICE
OF JEFFREY S. SCHWARTZ,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Peter D. Baron, Esq.
                    Baron & Pagliughi, PLLC
                    85 Main Street, Suite A
                    Cold Spring Harbor, NY 11724

For Defendants:     Douglas S. Langholz, Esq.
                    Morgan Melhuish Abrutyn
                    39 Broadway, Suite 1701
                    New York, NY 10006
```

SEYBERT, District Judge:

Pending before the Court is Defendants Jeffrey Schwartz, Esq. and the Law Office of Jeffrey Schwartz's (together, "Schwartz") motion for permission to file a Third-Party Complaint against Stuart Finz, Esq. and the law firm Finz & Finz (together, "Finz"). (Docket Entry 27.) For the following reasons, this motion is DENIED.

DISCUSSION

Briefly, Plaintiff Paul Black sued Defendants to recover an approximately $200,000 sanction imposed on Plaintiff by the United States District Court for the Central District of

California in an earlier, related case (the "California Action"). Defendants represented Plaintiff in the California Action, and Defendants argue here that they should be permitted to implead Finz because Finz directed and supervised Defendants' handling of the California Action, which allegedly led to Plaintiff's being sanctioned. (See Def. Ltr. Mot. 2.)

Under Federal Rule of Civil Procedure 14(a), a defendant seeking to implead a third-party defendant more than fourteen days after the defendant served an Answer must first obtain the Court's permission. The Court has discretion to permit a third-party complaint, and it generally considers the following factors: "(1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted." Crews v. Cnty. of Nassau, 612 F. Supp. 2d 199, 204 (E.D.N.Y. 2009) (quoting Nat'l Westminster Bank PLC v. Empire Energy Mgmt. Sys., Inc., No. 93-CV-5331, 1996 WL 709763, at *8 (S.D.N.Y. Dec. 10, 1996)); Nova Products, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 240 (S.D.N.Y. 2004).

Impleader is not justified in this case. Schwartz waited more than seventeen months after he filed his Answer to move to implead Finz, despite Schwartz's awareness from the

outset of this case that Finz supervised and managed Schwartz's handling of the California Action. (See Def. Ltr. Mot. 2.) Adding Finz to the case after discovery had progressed more than a year creates complications that outweigh any gains in judicial efficiency that might otherwise warrant third-party practice. See Crews, 612 F. Supp. 2d at 218 (delay of over a year weighed against permitting impleader). The delay alone could prejudice Plaintiff.[1]

## CONCLUSION

After considering the factors outlined above, the Court concludes that impleader is inappropriate here. Accordingly, Schwartz's motion is DENIED. The Clerk of the Court is directed to terminate both Docket Entries 24 and 27.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September  21 , 2011
         Central Islip, New York

---

[1] As to the fourth factor, Schwartz did not file a Proposed Third-Party Complaint, so the Court cannot evaluate whether it states a claim for relief.

3