UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X          Case No.:  09-2271 (JS)
PAUL BLACK,

                    Plaintiff,

-against-

JEFFREY S. SCHWARTZ and LAW OFFICE
OF JEFFREY S. SCHWARTZ,

                    Defendants.
----------------------------------------------------X


# MEMORANDUM AND POINTS OF LAW

{00729326}

# TABLE OF CONTENTS

I.      INTRODUCTION................................................................................1

II.     STATEMENT OF FACTS...............................................….....…............2

        A.  The Underlying Case............................................…..................2

        B.  The Procedural History of the Underlying Case........................................3

III.    PLAINTIFF'S CLAIM OF NEGLIGENCE..................................................6

IV.     DECISION OF THE COURT IN THE UNDERLYING CASE.........................7

V.      CHOICE OF LAW.............................................................................8

VI.     ARGUMENTS..................................................................................9

        A.  PLAINTIFF'S ALLEGATIONS OF MALPRACTICE ALL FAIL BECAUSE
            THERE IS NO PROXIMATE CAUSE BETWEEN DEFENDANTS' ALLEGED
            NEGLIGENCE AND THE DAMAGES ALLEGED..................................9

        B.  UNDER CALIFORNIA COMMON LAW, PLAINTIFF MAY NOT RECOVER
            FOR THE AWARD IMPOSED AGAINST HIM PERSONALLY................13

        C.  THE AWARD OF ATTORNEYS' FEES WAS CAUSED BY PLAINTIFF NOT
            HAVING THE FACTS TO SUSTAIN HIS UNDERLYING CASE..............15

        D.  PLAINTIFF IS NOT ENTITLED TO ATTORNEYS' FEES FOR THE
            PURSUIT OF THE LEGAL MALPRACTICE CASE AT BAR...................17

        E.  PLAINTIFF'S ALLEGATIONS THAT DEFENDANT SCHWARTZ WAS
            NEGLIGENT FOR FAILING TO INFORM HIM OF A CONFLICT OF
            INTEREST SHOULD BE DISMISSED BECAUSE THERE IS NO
            PROXIMATE CAUSE TO THE DAMAGES......................................18

VII.    CONCLUSION.................................................................................20

{00729292}

## I.  INTRODUCTION

Plaintiff's case against defendant JEFFREY S. SCHWARTZ, ESQ. ("SCHWARTZ") is baseless and the Court should grant summary judgment.

Plaintiff contends that SCHWARTZ negligently represented him as a plaintiff in a lawsuit in which it has been already determined that he had no right to recover.  Despite the fact that the judge in the underlying case found plaintiff himself to have been the cause of this award, to his opponent of attorney fees, he seeks compensation for that award.

Plaintiff's case is fatally flawed for two reasons.  First and foremost, the district court judge, in excruciating detail, set forth the reasons that he awarded attorneys' fees to the defendant in the underlying case.  Those fees were awarded specifically because of plaintiff's own conduct in the case.  The judge listed all of the ways in which an attorney could be held responsible for attorneys' fees.  The judge listed the reasons for which a party could be held responsible for the fees.

The court, in the underlying case, determined that it was Mr. Black himself who was responsible for the attorneys' fees based upon his individual conduct.

Second, it is undisputed that plaintiff had an arguable claim against the title company listed on the home purchase agreements.  It is unquestionable that attorneys' fees would have been incurred in defending the action.  It is undisputed that the Court found that on the merits that plaintiff was not entitled to the $300,000 that he sought pursuant to the alleged breach of contract.

It is undisputed that plaintiff himself had exclusive knowledge supporting the allegations that he was not responsible for causing the delay that led to his not receiving the $300,000 he sought pursuant to his lawsuit.  Plaintiff himself was never able to furnish poof of this fact.

Irrespective of the plaintiff's allegations of professional negligence, plaintiff had no viable suit against the title company since the Court determined he himself caused the delay in the closings on the homes.

Based upon the facts, there is no proximate cause between the damages allegedly suffered by plaintiff and his allegations of professional negligence.  In fact, this lawsuit is yet one more attempt by plaintiff to vexatiously litigate this matter for which he had no support from the beginning.  As such, summary judgment should be awarded to defendants.

## II.    STATEMENT OF FACTS

### A. The Underlying Case

The facts pertaining to the underlying case are no longer in dispute.  In early to mid 2004, plaintiff Paul Black entered into home purchase agreements to purchase twenty four (24) homes in Henderson, Nevada that were being constructed by Pulte/Del Webb ("PDW").  The contracts listed Lawyers Title of Nevada ("LTN") as the escrow agent.  LTN is a subsidiary of Land American Financial Group ("LAFG").

In July or August 2004, plaintiff moved to cancel the purchase agreements of the twenty four (24) homes due to his impression that the prices of rentals and sales were lagging.  On August 13, 2004, Black and Del Webb entered into a written agreement that formed the basis for the underlying claim.  (Exhibit "A").

Pursuant to the agreement, Mr. Black was to cancel twelve (12) of the homes purchases. The remaining twelve (12) home purchases would go forward. If all twelve (12) homes closed on or before the closing dates set forth by PDW, Mr. Black would receive a cash payment of $300,000.

Several of the homes did not close on the dates set forth by PDW. PDW refused to pay Mr. Black the $300,000 set forth in the August 2004 agreement.

The reason that the late closing homes were delayed was at issue in the underlying suit. Plaintiff alleged that the delays were the fault of PDW. Specifically, he claimed that PDW had a practice of setting forth "loose" closing dates that were continually altered. He also alleged that some of the homes at issued did not timely close due to issues with the homes themselves, such as incorrect fixtures or materials.

With respect to Land America, plaintiff himself represented that they failed to timely and accurately deliver to him the papers he required. Plaintiff also alleged that Land America's computer system failed at a time that caused delay.

Land America, in support of their motion for summary judgment submitted documentary evidence exhibiting that two of the homes failed to close in time was due to plaintiff's failure to timely provide funding. A third home failed to close on time due to plaintiff's failure to obtain insurance on the date set for closing. Again, the certificate of insurance clearly showed that its date of inception and the date it was purchased were both after the date set for closing on that home by PDW.

**B.     The Procedural History of the Underlying Case**

Defendant Schwartz brought suit in the Central District of California.  He named as defendants Pulte Homes, Del Webb Communities and Land American Financial Group.  (Exhibit "B")  Jeffrey Schwartz, prior to bringing suit, ascertained that Land America Financial Group was a parent company to its subsidiary, LTN (See deposition transcript of Jeffrey Schwartz annexed hereto as Exhibit "C").

On May 2, 2006, the Court dismissed the case against the PDW defendants pursuant to a 12(b)(6) motion.  The Decision of the judge held that the arbitration clause of the home purchase contracts was enforceable and that the parties should proceed to arbitration (Exhibit "D", Order of Court of May 2, 2006).

Subsequent to that Decision, the discovery process in the Land America action went forward.  Mr. Schwartz prepared responses to interrogatories, Requests for Admission and request for document production corresponding to the answers provided by Mr. Black (See Exhibit "E").  Pursuant to the federal rules, those documents were verified and signed by plaintiff himself (See Exhibit "F").  In the verification of the Requests for Admission, Mr. Black, under the penalties of perjury, averred that the contents of the response were based upon his knowledge.

Following production of discovery, Mr. Schwartz realized that his client had no evidence to support his claims that the delay in the house closing was not due to his own failures (See Exhibit "E").

On September 19, 2006, Mr. Schwartz moved to dismiss the action versus Land America. His plan was to proceed in arbitration versus the PDW defendants (Exhibit "E").  The Court denied the motion of Mr. Schwartz to dismiss the case on October 26, 2006.

On November 2, 2006, Land America moved for summary judgment. This motion, amongst other things, set forth documentary and testimonial evidence adducing the fact that plaintiff himself was the cause of the delay in closing on the homes. Specifically, Land America submitted the declaration of Catherine Aganos of Land America (Exhibit "G") and a proof of insurance on one of the homes with an inception date after the home in question was designated to close (Exhibit "H").

In opposition to the Land America action, defendant countered with the declaration of Paul Black containing non-specific allegations without dates, times or support indicating that Mr. Black was not at fault for the delays (Exhibit "I"). Plaintiff's own expert concedes that there was no negligence by Mr. Schwartz in failing to set forth more complete or more compelling evidence (Exhibit "M").

On December 6, 2007, the Court awarded summary judgment to Land America. Prior to making any other finding, the Court first held that (1) the houses had not closed on time; (2) that at least three of the delays were caused by Mr. Black; and (3) that owing to this, Mr. Black was not entitled to the $300,000 under the August 2004 agreement.

In March 2007, Land America moved for attorneys' fees to be awarded. The Court awarded attorneys' fees in the amount of $110,000 (Exhibit "K"). In awarding attorneys' fees, the Court specifically outlined the authorities for awarding attorneys' fees as against an attorney and as against a party (Exhibit K at pp. 2-3). The Court specifically considered who to assess the fees against:

> "The standards vary slightly on whether attorneys' fees are mandatory or discretionary and whether it is the party or the party's counsel which is responsible for paying the fees". (Exhibit "K" at p. 22).

The Court went on to assess attorneys' fees against plaintiff, Paul Black.  In doing so, the Court cited two reasons for the award:

First, the Court found that the suit was reckless and frivolous (Exhibit "K", p. 3). Second, that there was an abuse of discovery (Exhibit "K" at p. 5).

The attorneys' fees were broken down into two categories.  One category was for the recklessly filed lawsuit and the second was for fees incurred in response to Mr. Black's failure to admit the truth (Exhibit "K" at p. 8).

Subsequently, in 2007 the award was appealed by Mr. Schwartz in the Ninth Circuit Court of Appeals.  The award was confirmed with the court finding that the district court acted on its authority and based upon Mr. Black's acting in bad faith throughout the course of the litigation (Exhibit "L").

### III.     PLAINTIFF'S CLAIMS OF NEGLIGENCE

Pursuant to stipulation of counsel, plaintiff's allegations of negligence against Mr. Schwartz are limited to his representation during the Land America portion of the case.

    a.  Plaintiff alleges that defendant Schwartz negligently named Land America Financial Group instead of Lawyers Title of Nevada in the suit.  In fact, after finding that plaintiff had no grounds for the entire suit, the Court did hold that the wrong party had been named.

    b.  Plaintiff alleges that defendant Schwartz was negligent in continuing the action against Land America, after the 12(b)(6) motion was granted, dismissing the PDW defendants.

c.  Plaintiff alleges that defendant Schwartz was negligent in preparing his brief in opposition to Land America's summary judgment motion.  The only allegation of negligence relates to a section wherein Mr. Schwartz refers to Land America's settlement position.  (See Exhibit "M")

d.  Plaintiff alleges that defendant Schwartz failed to properly communicate in writing to plaintiff regarding his deposition date.

e.  Plaintiff alleges that defendant Schwartz failed to notify plaintiff that there was a conflict of interest in representing him in the motion for attorneys' fees.

f.  Plaintiff claims for damages are limited to $110,700 paid by Mr. Black to Land America, interest and his attorneys' fees related to this case.

## IV.   DECISION OF THE COURT IN THE UNDERLYING CASE

The reasoning of Judge Otero, in his Decision awarding Land America attorneys' fees is the proximate cause in the case.  The interpretation of that Decision sets forth the reasons that the damages alleged herein arose.

At the outset, the Decision points to the various different authorities the Court had with which to award.  The Court also references the fact that he had a choice as against whom to assess the damages.

It is especially important to review the Order of March 27, 2007, wherein he awards attorneys' fees in the amount of $110,502 to Land America Financial Group for which Mr. Black was held liable.  The award of attorneys fees was made pursuant to 28 USC §1927, Chambers v. NASCO, 501 US 32 (1991) and Federal Rule of Civil Procedure 37 (c) (Exhibit "K" at p. 8).

The Court specifically outlines the fact that both litigants' attorney and the litigant himself may be held liable for an opposing party's attorneys' fees.  The Court takes care to outline all of the authorities for awarding attorneys' fees.  (Exhibit "K" at pp. 2-3)   After acknowledging that both parties and attorneys may be held liable, the Court held that:

> "The Court finds that this frivolous lawsuit was recklessly brought, constituting a finding of 'bad faith' litigation under 28 USC §1927 and Chambers v. NASCO.  Under this finding, the full amount of the attorney fees sought by LAFG, is to be paid by Black".  (Exhibit "K" at p. 8).

The Court then finds Mr. Black liable for the attorneys' fees of LAFG, pursuant to FRCP 37(c):

> "The amount of fees incurred by LAFG from the receipt of Black's responses to LAFG's requests for admission is also supported by Rule 37(c).  These fees were incurred in response to Black's failure to admit the truth of the matter requested under FRCP 36, without good cause for failure to admit".  (Exhibit "K" at p. 8)

Under FRCP §37, the Court awarded fees for failure to admit what is required under FRCP §36:

> "If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay reasonable expenses, including attorneys' fees incurred in making that proof".

Under 28 USCA §1927, a Court may award attorneys' fees for unreasonable or vexatiously multiplying the proceedings in any case.

Finally, the Court found that it had equitable power to award attorney's fees under Chambers v. NASCO, 501 US 32 (1991).

## V.    CHOICE OF LAW

In <u>Globalnet Financial v. Frank Crystal Co.</u>, 449 F3d 377 (2d Cir. 2006) the Court broke the types of tort case that requires a choice of law analysis, into two groups. The first group involves "appropriate standards of conduct, rules of the road, for example". The second group involves those that allocate losses.

In <u>Globalnet</u>, the Second Circuit held:

> "If conflicting conduct-relating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders". <u>Globalnet</u>, see supra at 384.

In the case at bar, the malpractice alleged occurred in the United States District Court for the Central District of California. Plaintiff was, and remains, a California resident. Defendant acted at all times relevant to the underlying case as a California attorney. The case was brought under California law.

Since the allegations of this case surround "conduct-regulating" law, namely the laws of professional negligence, California law should apply.

## VI.   ARGUMENTS

### A. PLAINTIFF'S ALLEGATIONS OF MALPRACTICE ALL FAIL BECAUSE THERE IS NO PROXIMATE CAUSE BETWEEN DEFENDANTS' ALLEGED NEGLIGENCE AND THE DAMAGES ALLEGED

The law pertaining to the standard for legal malpractice in California is set forth in <u>Thompson v. Halvonik</u>, 36 Cal App4th 657, 43 Cal Rptr2d 142 (1995). In that case, the court held that:

> "In order to establish a cause of action for legal malpractice, the plaintiff must demonstrate (1) breach of the attorneys' duty to use such skill, prudence and diligence as other members of the profession commonly possess and exercise; (2) a proximate causal

connection between the negligent conduct and the resulting injury; and (3) actual loss or damage resulting from the negligence. Thompson, see *supra* at 661, *citing* Budd v. Nixen, 6 Cal.3d 195 (1971).

Importantly, California requires that there be not only negligent representation but proximate cause between the negligence and the alleged damages. In Lombardo v. Huysentruyt, 91 Cal App4th 656, 110 Cal Rptr2d 691 (2001), the Court held that:

"Proof of legal malpractice requires proof not only of negligence by the lawyer but also of causation, a trial within a trial to establish that but for the attorneys' negligence, the client would have prevailed in the underlying action". Lombardo, see *supra* at 665.

The Lombardo court goes on to further define proximate cause with respect to legal malpractice:

"When an attorney is charged with negligence, the question is what result would have been reached by a reasonable court if the attorney had not engaged in the conduct alleged to be negligent". Lombardo, see *supra* at 668.

In the case at bar, in order to assess the proximate cause of plaintiff's alleged damages, it is necessary to review the nature of the damages and to analyze wherefrom they arose.

We start with the proposition that ordinarily the plaintiff who loses a case via summary judgment will not be assessed with the opponents' legal fees. Therefore, it is important to assess why in the underlying case, the attorney fees of Land America were awarded to that entity by Judge Otero.

One portion of the attorneys' fees awarded is clearly defined. Land America cost in making their motion for summary judgment was awarded pursuant to FRCP 37 for failing to admit factual items pertaining to the dates that the homes closed, pursuant to FRCP. Judge Otero wrote:

> "The amount of fees incurred by LAFG from the receipt of Black's responses to LAFG's request for admission is also supported by Rule 37(c). These fees were incurred in response to Black's failure to admit the truth of the matter requested under FRCP 36, without good cause for failure to admit. If LAFG had obtained the necessary admissions, the case could have been disposed of with a simply motion requiring little time to draft. Under Rule 37(c), Black is liable for this portion of LAFG's attorney fees also". (Exhibit "K" at p. 8)

It is important to note that the actual response to all notices to admit, were provided to Mr. Schwartz by his client, Mr. Black. Mr. Schwartz merely prepared the formalized drafts of Mr. Black's substantive answers. The answers were then signed and verified by Mr. Black. Mr. Black himself, not Mr. Schwartz held the answer to these requests for admissions. (See Exhibits "E" and "F"). From the Decision of Judge Otero we know for a fact that a large portion of the damages stemmed from plaintiff's failure to admit facts posed to him in Land America's Request for Admission can be seen in Mr. Black's response to the request, he himself signed the Verification page which reads as follows:

> "I am the plaintiff in this action. I have read the attached Response to Request for Admissions and know the contents thereof. The same is true of my own knowledge expect the matters that are stated on my information and belief, and as to those matters I believe them to be true.
>
> I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on October __, 2006 in Henderson, Nevada".

This verification by plaintiff himself renders him responsible for the answers contained therein. Thus, to the extent that the attorneys fees awarded to Land America were based upon plaintiff's failure to make certain admissions, those fees were directly caused by plaintiff himself.

{00692818}

11

As pointed out above, Judge Otero carefully listed his authorities for assessing attorney fees as well as whom he could assess the fees against.  The Decision outlines numerous reasons for why he assessed fees.  Ultimately, he found Mr. Black himself responsible for those awards.

In finding Mr. Black and not Mr. Schwartz liable, Judge Otero listed numerous reasons for awarding attorneys' fees.  Perhaps most significantly, Judge Otero before he addressed any other issue, found that:

> "The Court finds that Black's lawsuit against LAFG was recklessly brought and frivolous.  Although Black had at all times been in possession of the documents governing the real estate transaction, and a reading of those documents would show that no claim would stand against LAFG, the lawsuit was nevertheless brought".
> (Exhibit "K" at p. 3)

In both the summary judgment motion Decision and in the attorneys' fees Decision, Judge Otero took great care to hold that Mr. Black had no proof to counter the proposition that he was not owed the $300,000 because the properties did not close on time due to his own fault.  Defendant Schwartz could not create facts, documents or other evidence.  The facts and evidence necessary were in the possession of plaintiff himself.

Plaintiff himself drove the lawsuit, going through two attorneys.  In fact, he still believes that he has a viable claim.  Initially, in this very suit, he sought damages for the $300,000.  This was despite the fact that pursuant to his document responses and deposition, he had nothing new to support his position.

In short, the Court in the underlying case found that:

    a.   Land America proved conclusively that plaintiff was not entitled to the $300,000 because he himself caused the delays in closing on the homes.

    b.   That plaintiff himself was in possession of this knowledge.

c. That plaintiff had intentionally withheld this information from Land America throughout discovery.

For this reason, Judge Otero awarded attorneys' fees to Land America for which Mr. Black would be liable. Thus, the proximate cause of the only damages remaining in this case was directly attributed to plaintiff himself, by both the Judge and an appellate Decision. As outlined above, California common law requires that for a claim of attorney malpractice, plaintiff must prove negligence and a proximate cause between the negligence and the damages. In this case, there is no proximate cause.

**B.   UNDER CALIFORNIA COMMON LAW, PLAINTIFF MAY NOT RECOVER FOR THE AWARD IMPOSED AGAINST HIM PERSONALLY**

In <u>Jocer Enterprises, Inc. v. Price, Roper, Majeski, Kohn & Bentley</u>, 183 Cal. App. 4th 559, 107 Cal. Rptr. 539 (Court of Appeal, Second District, Division 4, 2010), the Court dealt with virtually the exact fact pattern as in the case at bar. That Court held that an award for attorney fees imposed by the Court a client, individually, may not be recovered as damages in a subsequent legal malpractice action.

In the exact case scenario as exists in this case at bar, the Court further held that:

> "As the trial court did not direct respondents to pay the award, they have no liability for the award" <u>Jocer</u>, see *supra* at 575.

Just as in <u>Jocer</u>, see *supra*, the court in the case underlying the case bar, had the option of imposing Land America's attorney fees against Mr. Schwartz. As in <u>Jocer</u>, the court awarded fees for frivolous conduct. In both cases, the Court opted to impose the attorneys' fees against the party themselves. In a fatal blow to plaintiff's case at bar, <u>Jocer</u> held that these fees are not recoverable in a legal malpractice action.

{00692818}                                    13

The common law, as it exists in California is that such awards are not compensable in actions against the party's attorney, seeking damages for malpractice.  Specifically, damages that are assessed against a party individually, for their own conduct, may not be a component of damages against the individual's attorney.

Although the case law surrounding this specific fact pattern is scarce, by analogy many cases in varied jurisdictions support the defendants' position that an attorney in an action brought against him for malpractice may not be held liable for the intentional wrongs committed by the client.  In the Georgia case of <u>Paul v. Smith, Gambrell & Russell</u>, 267 Ga App 107, 599, SE2d 206 (2004), the Court held that punitive damages imposed upon a client were not recoverable in a suit for malpractice.  The Court held that:

> "The express purpose of punitive damages in Georgia, now, is to penalize, punish or deter the defendant and not the conduct. OCGA §51-12-5.1(c); <u>May v. Crane Bros., Inc.</u>, 276 Ga. 280, 281, n.2, 576 SE2d 286 (2003).  Unlimited punitive damages in excess of the statutory limits can only be awarded against the active tortfeasor who the jury has specifically found in writing to have intended to cause the plaintiff's injury.  OCGA §51-12-5.1(f), (g), <u>McDaniel v. Elliott</u>, 269 Ga 262, 265(3), 497 SE2d 388 (2000). Punitive damages as a personal tort action are nonassignable.  <u>In re Estate of Sims</u>, 259 Ga App 786, 791, n.2, 578 SE2d 498 (2003); <u>Southern R. Co. v. Malone Freight Lines</u>, 174 Ga App 405, 408(1), 330 SE2d 371 (1985) (subrogation action).

> Therefore, to allow the plaintiffs to shift their tort liability for punitive damages that the plaintiffs were specifically found by clear and convincing evidence to have caused intentionally would be contrary to the public policy of Georgia, even if former counsel were found liable for legal malpractice in the action in which punitive damages were awarded".

In New York and New Jersey, the cases have held that the general public policy is that liability for punitive damages, which are awarded to punish a specific wrongdoer, should not be

shifted to another party. <u>Soto v. State Farm Ins. Co.</u>, 3 NY2d 718, 613 NYS2d 352 (1994); <u>Johnson & Johnson v. Aetna Casualty</u>, 285 NJ Super 575, 667 A2d 1087 (1995). Both punitive damages and the award of attorney fees in the case at bar arise out of the intentional or reckless bad acts of the individual litigants.

The case is directly analogous to an award for punitive damages. Ordinarily, Land America's attorney fees after winning the case would not have been recoverable. Judge Otero, however, found plaintiff's conduct to be frivolous, vexatious and awarded the fees as against plaintiff himself based upon his own conduct. The Ninth Circuit upheld this finding of the district court with respect to plaintiff's personal conduct.

Clearly, shifting the burden, for plaintiff's own conduct to defendant Schwartz would similarly be contrary to public policy.

Based upon a reading of both Judge Otero's Decision, the <u>Jocer</u> holding and the analogous case law, both individually and in conjunction with one another, there is no proximate cause between the allegations of negligence levied by plaintiff and the damages he alleges.

The Court in the underlying case decided and it was affirmed by the Ninth Circuit, that plaintiff himself was the person responsible for the misconduct that resulted in the award of attorneys' fees. Since there is no proximate cause between the alleged negligence and the attorneys' fees, the case should be dismissed.

**C. THE AWARD OF ATTORNEYS' FEES WAS CAUSED BY PLAINTIFF NOT HAVING THE FACTS TO SUSTAIN HIS UNDERLYING CASE**

Plaintiff's expert, in this case, Peter Gordon, Esq., concedes that there was potentially an arguable case against the title company in this case Lawyers Title of Nevada. (Exhibit "M" at p.

80)  It was not negligent of defendants according to Mr. Gordon to bring a case against the title company.  Therefore, we start with the proposition that Mr. Schwartz' mere action of bringing a suit against Land America's subsidiary, LTN was proper, given the facts he was provided.

Next, we look at Judge Otero's Decision granting summary judgment to Land America. First and foremost in his Decision, is a reiteration of the facts establishing that Mr. Black was not entitled to the $300,000 under the August 2004 agreement with PDW.  He outlines the testimonial and documentary evidence that established that Mr. Black had caused the delay in closing on three of the homes.

There is no allegation in any of plaintiff's exchanges or in Mr. Gordon's testimony that Mr. Schwartz was negligent in failing to assemble facts to counter Land America's documentary proof.

We know, per Mr. Gordon, plaintiff's own expert, that bringing the case was not negligent.  We know that plaintiff does not allege that defendant was negligent in failing to bring additional facts to the Court to oppose the summary judgment motion.  We also know that the Court found that Mr. Black had no case based upon Land America's evidence.

Finally, the Court conclusively found that Mr. Black himself was in possession of these facts from the outset.  Irrespective of whether the correct party was named in their case, in the case LTN instead of Land America, the case would have been dismissed.  Based upon the fact that there was no basis for bringing the action and the fact that plaintiff himself was solely in possession of the facts, he was at fault for his own damages.  Yet, plaintiff arduously pursued the case, even going to at least two attorneys to instigate suit.  In fact, though his discovery

responses in the very case at bar offered nothing new in the way of evidence, Mr. Black was prepared to litigate the $300,000 as a case within a case when he brought this action.

Irrespective of the alleged acts of negligence by Mr. Schwartz, or whether they are accurate, they were not the proximate cause of plaintiff's damages.  As such, the case should be dismissed.

### D.  PLAINTIFF IS NOT ENTITLED TO ATTORNEYS' FEES FOR THE PURSUIT OF THE LEGAL MALPRACTICE CASE AT BAR

The plaintiff's other allegation of damages is his attorneys' fees in litigating the case at bar.  Specifically, plaintiff claims that if he is victorious in proving the case at bar, he is entitled to attorney fees.  Per plaintiff's own testimony, he has a contingency fee agreement with his attorney.

The statutory and common law of California is clear that he is not entitled to such damages. In the case of <u>Loube v. Loube</u>, 64 Cal App 4th 421, 74 Cal Rptr 2d 906 (1998) the Court dealt with that issue specifically:

> "It has been recognized that an action for professional negligence constituted both a tort and a breach of contract".

The Court found that appellants brought suit for tort and not on the contract.  Since the elements of professional negligence are the same as for any act of negligence, the Court found that attorneys' fees were not recoverable.

In California, attorneys' fees are governed by statute.  Annotated California Civil Code §1717, specifically allows for the award of attorney fees in contract litigation.  There is no similar statute allowing for attorney fee recovery for the time of the attorney prosecuting a malpractice case.

{00692818}                                     17

By comparison, New York has the same rule as California.  In <u>MTB Bank v. Federal Armored Exp, Inc.</u>, 949 FSupp 226, reversed 175 (SDNY 1997), the Court held that the general rule in New York is that attorney fees are not recoverable as an item of damages.

In <u>Baker v. Dorfman</u>, 239 F3d 415 (2d Cir 2000), the Court found that generally in an attorney malpractice action, attorney fees are not recoverable.  An exception is carved out wherein the attorney fees are generated out of the attorney attempting to remedy the negligence committed by the original attorney:

> "Legal fees sought as part of a malpractice action are recoverable if the fees 'were not merely an incident of the litigation, but instead, constituted consequential damages' of the malpractice". <u>Baker</u>, see *supra* at 426, *citing* <u>Affiliated Credit Adjusters, Inc. v. Carlucci</u>, 139 AD2d 611, 527 NYS2d 426 (2d Dept. 1988).

In the case at bar, plaintiff's sought after legal fees were not pleaded.  Additionally, the fees sought are merely Mr. Baron's fees associated with prosecuting the case at bar.  These are not consequently damages and as such the claim for these damages should be dismissed.

> **E.   PLAINTIFF'S ALLEGATION THAT DEFENDANT SCHWARTZ WAS NEGLIGENT FOR FAILING TO INFORM HIM OF A CONFLICT OF INTEREST SHOULD BE DISMISSED BECAUSE THERE IS NO PROXIMATE CAUSE TO THE DAMAGES**

One of plaintiff's contentions is that upon receiving Land America's motion for attorney fees, he failed to notify plaintiff of a potential conflict of interest.  Even assuming arguendo that this assertion is true, plaintiff's expert concedes that defendant's representation of plaintiff in litigating the motion for attorney fees fell within the accepted standards of are.  As such, there is no proximate cause between the alleged negligent act and the ultimate damages sought.

{00692818}                                        18

As is set forth above, proving a case of legal malpractice requires not only a showing of substantial legal care, but also a "proximate causal connection" between the negligence and the damages sought.  Thompson, see *supra*.  As such, a plaintiff in a legal malpractice action must show that the specific acts claimed to be negligent somehow resulted in damages.

In the case at bar, plaintiff, via his expert Peter Gordon, Esq., claims that defendant Schwartz failed to advise him that there was a conflict of interest after Land America moved for attorney fees.  It is alleged that this failure to notify plaintiff constituted substantial legal representation and was thus negligent.

At the deposition of Peter Gordon, Esq., he testified however, that despite the failure to notify his client about the potential conflict, there was nothing negligent about Mr. Schwartz's legal representation of Mr. Black during this stage of litigation:

> "Q:    But my point is was there anything negligent that you found about Mr. Schwartz's representation during the course of those proceedings?
>
> A:    Well, he acted as if they were united in interest.
>
> Q:    I will rephrase the question.
>
> A:    Is there a specific something in the brief?
>
> Q:    In his brief or in his oral representation or in his responses, anything that you can point to that shows that he was negligent in representing Black during that phase of the litigation.
>
> A:    No."

(Exhibit "M" at 117:9-23)

Mr. Gordon, plaintiff's own expert concedes that he could not find no fault with the representation rendered to Mr. Black by Mr. Schwartz during the attorney fees motion and the

subsequent appeal.  As such, even if there was a conflict of interest, and this was not conveyed to Mr. Black, it did not result in substandard legal representation.  Thus, the alleged failure to advise of the conflict of interest was not a proximate cause of plaintiff's damages and should be dismissed.

## VIII.   CONCLUSION

Mr. Black's claim for damages, that arise out of the Court in the underlying case awarding attorneys' fees against him personally should be dismissed for the following reasons:

    a.   There is no proximate cause between the alleged negligence of defendants and the monetary damages sought; and

    b.   Under California common law, the fees assessed against Mr. Black are not recoverable against his attorney.  See Jocer, *supra*.

    c.   The reasoning behind Judge Otero's Decision clearly places the blame for his awarding attorney fees on plaintiff himself.

    d.   At the very least, the Court awarded Land America attorney fees pursuant to FRCP §37 for plaintiff's failure to accurately respond to admission.  Plaintiff himself provided the responses to the requests for admissions, swore to the truth of them and signed them under penalties of perjury.  At minimum, the attorney fees associated with Land America being awarded summary judgment should be granted as to that portion of the sought after damages.

    e.   Attorney fees associated with the cost of prosecuting this action are not recoverable under New York or California law.

Dated: New York, New York
       October 3, 2011

{00692818}                                         20

Douglas S. Langholz (DL9800)
MORGAN MELHUISH ABRUTYN
Attorney for Defendants
39 Broadway, Suite 1701
New York, NY 10006
(212) 809-1111

TO:

Peter D. Baron (PB8519)
BARON & PAGLIUGHI, PLLC
Attorney for Plaintiff
85 Main Street, Suite A
Cold Springs Harbor, NY 11724
(631) 367-7000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X        Case No.:  09-2271
PAUL BLACK,

                              Plaintiff,                      **CERTIFICATE OF
                                                              SERVICE**

-against-

JEFFREY S. SCHWARTZ and LAW OFFICE
OF JEFFREY S. SCHWARTZ,

                              Defendants.
-----------------------------------------------------------X

        I hereby certify that on the 3rd day of October, 2011, a true and correct copy of

MEMORANDUM AND POINTS OF LAW for production were served on the following via

ECF to:

Paul D. Baron (PB8519)
BARON & PAGLIUGHI, PLLC
Attorney for Plaintiff
85 Main Street, Suite A
Cold Springs Harbor, NY 11724
(631) 367-7000

COURTESY COPY VIA REGULAR MAIL:

Honorable Judge Joanna Seybert
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
United States Federal Building
100 Federal Plaza
Central Islip, NY 11722

                              Douglas S. Langholz (DL9800)

{00692818}                              22