FILED
CLERK

9/17/2012 1:57 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
PAUL BLACK,

                    Plaintiff,

          -against-                          MEMORANDUM & ORDER
                                             09-CV-2271(JS)(GRB)
JEFFREY S. SCHWARTZ and LAW OFFICE OF
JEFFREY S. SCHWARTZ,

                    Defendants.
--------------------------------------X
APPEARANCES
For Plaintiff:    Peter D. Baron, Esq.
                  Baron & Pagliughi, PLLC
                  85 Main Street, Suite A
                  Cold Spring Harbor, NY 11724

For Defendants:   Douglas S. Langholz, Esq.
                  Morgan Melhuish Abrutyn
                  39 Broadway, Suite 1701
                  New York, NY 10006

SEYBERT, District Judge:

          Plaintiff Paul Black ("Plaintiff") sued Defendants

Jeffrey S. Schwartz and the Law Office of Jeffrey S. Schwartz

(together, "Defendants") for legal malpractice arising out of

sanctions that Plaintiff was forced to pay in an earlier lawsuit

in California.  Pending before the Court are Defendants' motions

for summary judgment (Docket Entry 65) and attorneys' fees

relating to a discontinued portion of this suit (Docket Entry

46).  Defendants' motion for summary judgment is GRANTED IN PART

and DENIED IN PART.  Their motion for attorneys' fees is DENIED.

BACKGROUND

In 2005, Plaintiff retained Defendants to pursue civil claims against a real estate development company and other defendants in a case arising out of a real estate deal gone bad. The facts of that case, Black v. Del Webb Communities, Inc., No. 05-CV-8743 (C.D. Cal.) (the "California Action"), are set forth in U.S. District Judge S. James Otero's December 5, 2006 summary judgment decision (Defs. Ex. M) and his March 27, 2007 decision sanctioning Plaintiff for various litigation misconduct (Defs. Ex. K (the "Sanction Order")). The Sanction Order also contains a near-comprehensive discussion of the facts relevant to this case. Briefly, though, the Court will provide a few background facts to put the following analysis into context.

The California Action centered on a Nevada housing deal that didn't pan out. To put it mildly, the case did not go well for Plaintiff. He had sued the developer on the deal and others, including Land America Financial Group ("Land America"). Land America was the corporate grandparent of Lawyer's Title of Nevada, Inc. ("LTN"), the escrow agent for the project. At the motion to dismiss stage, the court found that an arbitration agreement covered most of Plaintiff's case and dismissed all defendants except for Land America. Later, the court awarded Land America summary judgment because, among other reasons, Land America (as opposed to its subsidiary) had nothing to do with

2

the events that precipitated the lawsuit. Then, the court sanctioned Plaintiff and ordered him to pay Land America the attorneys' fees it incurred in defending the case.

The misconduct underlying the fee award is detailed in the thorough Sanction Order. Suffice it to say here that Plaintiff and Defendants--Plaintiff's counsel in the California Action--sharply disagree as to who should bear the payment. Plaintiff paid the sanction and, in the instant action, is suing Defendants in legal malpractice for repayment of that money.

<u>DISCUSSION</u>

The Court first addresses Defendants' motion for summary judgment and then considers their motion for attorneys' fees.

I. <u>Summary Judgment</u>

Defendants' summary judgment motion is granted in part and denied in part.

A. <u>Legal Standard</u>

Summary judgment is only appropriate where the moving party can demonstrate that there is "no genuine dispute as to any material fact" and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering this question, the Court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not

3

limited to affidavits." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); FED. R. CIV. P. 56(c). "In assessing the record to determine whether there is a genuine issue to be tried . . . the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134. The burden of proving that there is no genuine issue of material fact rests with the moving party. Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994) (citing Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975)). Once that burden is met, the non-moving party must "come forward with specific facts," LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998), to demonstrate that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "Mere conclusory allegations or denials will not suffice." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). And "unsupported allegations do not create a material issue of fact." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

4

B. <u>Analysis</u>

The elements of a legal malpractice claim under California law[1] are "(1) the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage resulting from the attorney's negligence." <u>Hall v. Kalfayan</u>, 190 Cal. App. 4th 927, 933, 118 Cal. Rptr. 3d 629, 632-33 (Cal. Ct. App. 2010) (<u>quoting Coscia v. McKenna & Cuneo</u>, 25 Cal. 4th 1194, 1199, 108 Cal. Rptr. 2d 471, 25 P.3d 670 (2001)).

Defendants' brief raises five arguments. The Court addresses each in turn. <u>First</u>, Defendants argue that Plaintiff cannot prove that their negligence caused Plaintiff's injury because the sanction was premised on discovery responses that Plaintiff himself verified under penalty of perjury. (Defs. Br. 10-11.) This argument is unpersuasive because it relies on too narrow a reading of the Sanction Order. The misconduct described therein goes beyond discovery violations and includes the filing of frivolous motions and the "reckless" decision to sue Land America in the first place. (Sanction Order 3.)

<u>Second</u>, Defendants argue that California law does not permit parties who are hit with sanctions to recover the amount

---

[1] The parties agree that California law governs this case.

of the sanctions from their lawyers.  (Defs. Br. 13.)  They cite Jocer Enterprises, Inc. v. Price, Roper, Majeski, Kohn & Bentley, 183 Cal. App. 4th 559, 107 Cal. Rptr. 3d 539 (Cal. Ct. App. 2010) for the proposition "that an award for attorney fees imposed by the Court a client [sic], individually, may not be recovered as damages in a subsequent legal malpractice action." (Defs. Br. 13.)  Given the loose relationship Defendants' brief has with the facts in this case--see below--it is perhaps unsurprising that Jocer stands for no such thing.  Rather, the court there held that the attorneys' fee award was not recoverable under an equitable indemnification theory.  107 Cal. Rptr. 3d at 575.  It did not reach whether the plaintiffs stated a claim under a legal malpractice theory because it concluded that such a claim was time-barred.  Id. at 576.

Third, Defendants argue that Plaintiff's injury was really caused by his not having a factual basis to prevail on the merits in the California Action.  This is a variation of Defendants' first argument, and it has at least two flaws.  One, it is premised on a flagrantly misleading characterization of Plaintiff's expert's deposition.  Noting that Plaintiff's expert testified that Defendants may have had a colorable basis to sue LTN--the Land America subsidiary--Defendants transform this opinion into a finding that Defendant's decision to sue Land America was not negligent.  (Defs. Br. 16.)  In fact,

Plaintiff's expert agreed hypothetically that there might have been an arguable claim against LTN but he was clear that Land America would not have been a proper target. (Defs. Ex. M at 79-80, 94.) Defendants have the gall to make this argument again in their reply (see Defs. Reply 4) even after Plaintiff pointed out that it is based on an incorrect reading of the expert's deposition (Pl. Opp. 5-6). Two, this argument confuses the claimed injury in this case. Plaintiff does not claim that he would necessarily have prevailed on the merits in the California Action; rather, he simply argues that but for Defendants' malpractice, he would not have been sanctioned for misconduct.

Fourth, Defendants argue that Plaintiff is not entitled to recover the attorneys' fees he incurs in pursuing the present case. (Defs. Br. 17.) Plaintiff has not answered this argument and, in any event, the Court is persuaded that he may not recover his legal fees associated with this case. See Loube v. Loube, 64 Cal. App. 4th 421, 430, 74 Cal. Rptr. 2d 906 (Cal. Ct. App. 1998). This branch of Defendants' summary judgment motion is granted.

Fifth, Defendants argue that Plaintiff cannot prove negligence arising out of their failure to advise him of their conflict of interest in defending against Land America's attorneys' fee motion in the California Action. (Defs. Br. 18.)

7

They point to Plaintiff's own expert, who testified that notwithstanding Defendants' alleged failure to advise Plaintiff to consult independent counsel concerning the sanction motion, Defendants litigated Land America's fee request appropriately. (See Defs. Ex. M at 117 ("Q: In [Schwartz's] brief or in his oral presentation or in his responses, anything that you can point to that shows that he was negligent in representing Black during that phase of the litigation? A. No.").) This unrebutted evidence entitles Defendants to summary judgment on this aspect of Plaintiff's claim.

In sum, although there remain difficult issues to try, Defendants met their summary judgment burden only in part. Their motion is granted insofar as Plaintiff may not (1) recover his legal fees in this case or (2) recover on his theory that Defendants' failure to advise him of a conflict of interest proximately caused the sanction. It is denied in all other respects.

II. Defendants' Attorneys' Fees Motion

In a separate motion, Defendants seek an order pursuant to 28 U.S.C. § 1927 ("Section 1927") and the Court's inherent power awarding them the legal fees they incurred in defending a now-discontinued portion of this case.[2]   The basis

---

[2] As an initial matter, the Court notes that Defendants' citations to evidence in this motion are virtually

for the motion is essentially that Plaintiff's now-discontinued claim that Defendants were negligent in not successfully pursing Plaintiff's claims against the defendants who were dismissed from the California Action because of the arbitration agreement was a non-starter. They argue that Plaintiff could have sought recovery from those defendants in arbitration after the California Action was dismissed and, further, the statute of limitations had not run on Plaintiff's arbitration rights until well after he brought the present malpractice suit. According to Defendants, therefore, Plaintiff had no hope that he could show that Defendants proximately caused him to lose out as against the arbitration-eligible defendants.

As is relevant to this motion, the Court may impose sanctions against a client or his attorney pursuant to its inherent power and against an attorney pursuant to Section 1927. "An award of sanctions under the court's inherent power requires

---

meaningless. The exhibits, which are referred to by letter throughout Defendants' papers, were not included with Defendants' courtesy copies to the Court (in violation of the undersigned's individual motion practices), and they are not labeled by letter on ECF. More troublingly, citations to Schwartz's 167-page deposition do not contain page numbers (the absence of page references was an issue in Defendants' summary judgment brief as well). In the future, all parties in this action will provide the Court with courtesy copies of evidentiary materials relied on in their papers and their briefs will include specific record citations. See Amnesty Am. v. Town of W. Hartford, 288 F.3d 467, 470-71 (2d Cir. 2002) (Sotomayor, J.). The Court may refuse to consider future submissions that do not comply with this Order.

both 'clear evidence that the challenged actions are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes[,] and a high degree of specificity in the factual findings of [the] lower courts.'" Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78 (2d Cir. 2000) (quoting Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986) (alterations in original) (emphasis omitted)). Similarly, an award under Section 1927 "is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Id. (quoting Oliveri, 803 F.2d at 1273 (emphasis omitted)). Bad faith is the touchstone for an award under either the Court's inherent power or Section 1927. See id.

Having considered the parties' arguments against the background of this case, the Court concludes that sanctions are not appropriate for several reasons. First, although it appears that Plaintiff's claim against Defendants relating to the unsuccessful litigation against the arbitration-eligible defendants was thin (at best), Plaintiff withdrew this claim before Defendants resorted to dispositive motion practice.[3] To be sure, this is not a controlling factor, and Defendants aver

---

[3] Defendants moved to implead Plaintiff's attorney prior to Plaintiff's withdrawing the discontinued claim.

that they expended resources preparing a summary judgment motion on this claim.   Nevertheless, this consideration weighs against sanctions in this particular case because it undercuts, somewhat, the idea that Plaintiff brought this claim for an improper purpose.   Second, on the current record, the Court cannot ascertain how much Defendants spent defending the discontinued portion of this case versus how much they spent defending the legal malpractice claim discussed in Section I. Defendants' attorney states that "roughly 90% to 95%" of his time as of February 2011 related to the discontinued claim (Docket Entry 46-21 ¶ 13), but Defendants do not provide a formal breakdown to support this contention.   Finally, in light of Defendants' blatant mischaracterizations discussed above, the Court is not inclined to find that either party has behaved worse than the other.   Cf. Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323, 341 (2d Cir. 1999) ("Although, in light of our disposition of this appeal, we need not address whether such unclean hands may preclude the imposition of sanctions, we observe that a court considering sanctions can and should consider the equities involved before rendering a decision.").

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' summary judgment motion is GRANTED IN PART and DENIED IN PART. Defendants' motion for attorneys' fees is DENIED. Going forward, the parties shall heed the directive in footnote two.

SO ORDERED.


/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    September 17, 2012
          Central Islip, New York